The Raymond G. and G. Family Homicide Investigation for the appellate, the Seitz for the appellee, Ms. Brooks and Mr. Maurer. You may proceed. May it please the Court, my name is Esther Seitz. I represent the press, the plaintiff appellants, the State Journal-Register, the Pantograph, and the Herald and Review. We're here today because the trial court abused its discretion in entering a 180-day long seal. Alternatively, even if the 180-day seal was proper, those 180 days are now over, and by the trial court's own order, the seal has expired. Indeed, that seal expired 182 days ago. There's no basis in the order or in the record that the seal extends beyond 180 days. Here are some facts on the case. On September 21st, five members of the Gee family from Beeson, Illinois, were found dead in their home, apparently murdered. There was one survivor, the then three-year-old Tapitha Gee. In the weeks following the crime, the law enforcement started to investigate the incident and executed some search warrants in connection with the investigation. Eventually, arrests were made, and two brothers, Christopher and Jason Harris, were arrested in connection with the crime and also charged. About a month later, the prosecution made a return on the search warrant. The search warrant applied to the home where the family was found dead. And rather than filing that search warrant and the accompanying documents in the public records, as is generally done, the prosecution moved the court to seal. The circuit court granted that motion to seal and imposed an 180-day-long seal. The circuit court also... Are you saying that that's not how it's always done in Logan County, or this case was treated differently? I am not sure how generally search warrant returns are treated in Logan County, but I know that in this case, and several search warrants related to this investigation, they were all filed under seal. There was a motion to seal those. I don't know if that is done in other investigations of other crimes where there are search warrants issued. But as I will explain later, the Illinois statute and common law requires that search warrants be filed publicly, in the public records of the circuit court and the clerk's office. About a month after the trial court imposed the seal, the press intervened, seeking access to the search warrant file. After some briefing on the issue and the hearing, the trial court opened the docket sheet, the motion to seal, and to order sealing. After that, Harris, one of the accused men, intervened in the case and also submitted briefs, and after more briefing on the issue and arguments before the trial court, the trial court then decided to open the complaint and the order for search warrant as well as the search warrant itself. But at the same time, the trial court declined to lift the judicial seal on the affidavit in support of the complaint for search warrant, on the inventory, and on the return of the search warrant. So those three documents are what the trial court declined to lift the seal for, and those three documents are the subject of this appeal. What does the return typically say versus the inventory? Or are those really the same? Because the inventory says, this is the stuff we found. The return just says the inventory is the return? I would expect that it essentially, substantively repeats the contents of the inventory, but since I haven't seen this particular makes it hard to answer the question. But we're really talking about two things, probably. Yeah, and then also the affidavit in support of the complaint. Well, I meant that was one of the two. Okay. Unless there is some, I'm really asking, what do returns ordinarily look like? Even having been a trial judge, nobody paid any Right. And I just can't say what they look like. I would assume that they're substantively similar, but probably shorter than the inventory, because the inventory actually lists everything. The return, I expect, might be shorter. Your Honors, page 9 of the court's order, the order appealed from, which on page 9 is really the heart of the trial court's analysis, declining to lift the judicial seal, suggests that the trial court was confused or somewhat mistaken about the nature of the press's request here. And I'm going to read from the trial court's analysis. It is the evidence presented in court that the public has a right of access. The public does not have a right to access all the discovery that has been exchanged between the parties. Here, in a miscellaneous remedy case, the newspaper is asking to obtain what is search warrants that are, according to Illinois statute, the Clerk Support Act, supposed to be filed with the clerk's office. The Illinois Code of Civil Procedure describes that after a search warrant has been executed, the search warrant needs to be returned to the circuit clerk's office. And at that time, upon the return being made, the circuit clerk must file the search warrant openly unless there is a seal. Obviously, for a seal, there are specific elements that have to be met in order for a trial court to impose a seal. But there are separate sources, separate sources in Illinois law, that give the public a right to access judicial records. First, the Clerk Support Act, which I described. Also, the common law and the First Amendment. And the First Amendment makes clear, or the judicial opinions constrained in the First Amendment make clear, that doubts must be resolved in favor of disclosure. I know that this court is quite aware of the different sources of the public's right to access, as it has aptly described those various sources and the extent of the public's right to access judicial records in the In Re. Marriage of Johnson decision. In that case, this court said that if a record is filed with the circuit clerk's office, the moment it's filed, it becomes a public record. And at that point, the presumption of access applies, which can only be overcome if there is an overriding in a compelling interest that is clearly articulated by the trial court, and a substantial probability exists that that interest would be jeopardized absent a seal. And then even if a seal is imposed, that seal needs to be narrowly tailored. This one was narrowly tailored, wasn't it? I mean, you got some of, you got part of what you asked for, eventually. Right. Every, after every motion we filed, we did get some documents. Those documents were not the documents that disclosed information that was really, that had a lot of facts. It didn't have many facts. Let's talk about, is this a case of first impression in Illinois? The trial court's research, and also our research, has not turned up an Illinois case construing the public's right to access search warrants. There's been no authority from courts. Well, we don't care about search warrants. We care about the inventory and the affidavit. You have the search warrant. We have the search warrant, right? And there's been no cases construing access to the search warrant related documents that are really just accompanying the search warrant. Well, given that there are no cases on it, and I take it that nobody did an anecdotal survey that these are readily available all the time. Maybe they did. How is it that we would reach the conclusion that these are something that have historically been open to access? There are... I mean, that's part of the test, isn't it? That is the test under the First Amendment, yes. It's not the test under the Illinois statute. The test under the Illinois statute is whether it's filed, and then whether or not there's a compelling, sufficiently compelling interest to seal. But yes, under the First Amendment, the test is whether these types of documents have been historically open. There are decisions from other circuits that say that there is a right to access search warrants. And actually... Would it be true that there are decisions from other circuits that say no? Possibly. Well, didn't Judge Harris rely upon other circuit courts of appeal decisions? He did. He relied onto an Eighth Circuit decision, and one other one I don't remember. But he said that there was a right to access these, because these other circuits have held... other courts have held that there is a right to access search warrants. But the circuits are split, if you looked at what's available to them. I think there are decisions going both ways, yes. But even Judge Harris said that there is a right. So you think he was right? Yes. He's got one thing correct. Yes, I think he's right there. But of course... So you're arguing that historically, affidavits and inventory regarding search warrants have been open to the public? After they have been returned to the circuit clerk's office, yes. Before being returned to the clerk, no. And that's also reflected in... But your assertion of that is the absence of anybody saying anything about it in the past, because there are so few cases on it. There are a few cases. So we don't... In another sense, we could say we don't really know how these have been handled, and it may have been the publicity attached to this case, or... Brings us to the point where, hey, we want to look at that as well. Right. Now, most of the cases where the issue of whether or not there was a right to access search warrants were those cases where this comes up. There are publicity cases. There are cases where the public really cares about learning what's in the search warrants. So that's just... I mean, logically, that's the kind of context that gives rise to this issue in the first place. Won't they learn about it at trial? I mean, eventually, won't they have access to all the information that's in the affidavit by the testimony of the witness at trial? Not necessarily, because it's not necessarily a given that the parties will actually decide to produce that at trial. Just because there was a search warrant in connection with this house doesn't mean that anybody's going to put a witness on the stand. The trial court's analysis is insufficient in two ways. It fails to articulate a factual basis supporting a compelling interest. It cites apparently compelling governmental interests or public interests, the right to a fair trial and the right to privacy that we just discussed, but it doesn't actually provide a factual basis. And it failed to tailor that seal narrowly. Well, there are a lot of seminars and articles about fair trial, free press. This doesn't just apply to the prosecution's investigation. This is the defendant's right to a fair trial as well, isn't it? That is absolutely correct. And the Supreme Court actually recently held that the defendant has a right, independent of the press's right that the trial be public, but the defendant also has an independent right to a public trial. But one of the defendants here is taking the other side. Right. But in the Supreme Court case that I'm talking about, Presley v. Georgia, that was decided only a few months ago, the Supreme Court reversed and remanded a drug conviction only because during the voir dire process, the trial court had excluded the public from that voir dire process. And that was the only basis why the Supreme Court reversed and remanded that case. But that was the uncle of the defendant was excluded from the trial. That's right. And the defendant was objecting to the exclusion of his uncle. Right. And here you have the defendant asking the court to seal. That is absolutely true. But the U.S. Supreme Court said that even if nobody would have raised the issue, it's something the trial judge needs to do, even if no one raised it. The trial judge needs to make sure that the public has a right to be present. But there's a key word, present. Trial. Right. An ongoing public trial, the very initial stage of it. Here we're talking about everything that goes on before the trial. Here we're talking about access to judicial records. That's right. But the same legal doctrines have been applied to that, access to judicial proceeding and the access to judicial records. What about the similarity between the search warrant process and a grand jury proceeding? Grand jury testimony is sealed, and the press does not have a right to access it. Right. And that relates to law enforcement investigation usually. Right. So how do you distinguish that? I would say that the search warrant process is more like the voir dire process that needs to be open because search warrants are filed with the clerk's office, and things that are filed with the clerk's office are open. Well, the clerk's office is the depository for the files of the court, but doesn't the court ultimately exercise some discretion over whether or not its files will be totally open? Absolutely. But only if it passes the rigorous test that is the compelling governmental interest in the narrow tailoring. And that is what this court failed here. We'll hear from you on rebuttal. Good afternoon, Your Honors. If I may leave to split my time with the other counsel, Ms. Allison. May it please the court and counsel. My name is Anastasia Brooks, and I represent the people. First of all, I want to start out by saying that the general standard of view here is undisputed. The interveners agree that it is abuse of discretion. That's the most deferential standard of view available. Of course, if the court were also wanting to consider the issue whether the First Amendment right of access applies, that issue should be reviewed de novo because that's a legal issue. Defendants, I'm sorry, I'm used to saying defendants, the interveners here, they assume in the reply brief that the First Amendment right of access applies. And when they cite it in the cases in their opening brief, and they're the proponents of the notion that the First Amendment right of access should apply, but yet the cases they cite, Washington Post Company v. Hughes says, and I quote, although not a First Amendment right of access. And the other case they cite, U.S. v. Eastern Airlines says, the public has a common law right to inspect and says nothing about the First Amendment. So there's no cases in their brief to respond to the case that the state cites, the Baltimore Sun case, talking about distinction between these sources of rights as being a significant one for review. So the interveners insist here at oral argument that the trial court's exercise of discretion is subject to rigorous standards such as compelling interests that is predicated on showing that the First Amendment right of access applies in this context. Well, if the First Amendment right to access doesn't apply, we don't ever get to any weighing where discretion is used. Judge Harris apparently concluded that there was some qualified right to access, and then he went on and did a weighing and decided that the probability that an investigation could be compromised, et cetera, that that prevailed. Well, when I read the order, the judge mentions and cites briefly to a case that a First Amendment right of access could apply to court records, but that's a general citation, and it's not a holding that when the judge mentions a presumption of right of access applies, well, the source of that could be, and what I believe that the trial court was relying on, was the codified statutory, the Clerks of Courts Act, which is the codification of the common law. When court records are presumed to be open for public inspection, that presumption of access can apply even if the First Amendment... I really can't answer that, but your argument strikes me as a little awkward in the sense that the statute seems to be pretty clear, and if that's what Judge Harris was referring to, it seems that he would have cited that. He would have cited the statute? Yes, pertaining to what we're talking about here. Well, the state's not disputing that the Clerks of Courts Act makes these documents filed in the clerk's office presumptively open for inspection, subject to... So you're not disputing that? Well, it's subject to the trial court's ability to impound the records, and in this case the state cites, say that that is a superior right to impound compared to the basic statutory codified common law presumption of access. There's a superior right of the judge to impound the court's own records for reasons that don't have to be compelling, and what they're insisting on is a compelling reason. The state asserts that these reasons are in fact compelling, even if they're First Amendment rights, because where they apply, such as ongoing investigation and minors' privacy, those are still compelling interests, and would pass the First Amendment standard as well. But as the interveners have to persuade this court, and haven't cited any authority in their brief to do so, that the First Amendment right of access should even apply in this situation. So for that reason, the standard is a significant difference according to Baltimore Sun. So maybe you think Judge Harris was right for the wrong reason? I'm sorry, the judge doesn't have to be correct about this, because when the First Amendment applies, it's de novo. But when the judge goes on to... But you approve of what he did. That's what I mean. You like what he did, you want it affirmed. Yes. But you don't think that he was correct in finding that there was a presumptive right to access to begin with, I take it. Presumption of access applies even under statute and common law. Well, the statute is trumped by the court's powers, I think. Exactly. And then the First Amendment comes in, and then we get to the historical analysis, or historically open. That's kind of what I'm thinking. I don't know that it matters what his reasons were. Correct. If he is ultimately correct, we can affirm for any reason in the record. And that's exactly what I was going to say. This court can review the judgment, not the reasons. So even if the judge's objective is... I'm not quite following your argument. The court found that the presumption of access applies, correct? Yes. Now, are you arguing that you agree with that finding or you disagree with it? Presumption of access under the common law codified by statute. Presumed access open. The question then becomes what standard is necessary... No, my question was are you arguing you agree with the trial court's finding or disagree with it? I agree that it is presumed access under the statute of common law only, not the First Amendment. So if we were only looking at the Clerk's Act, this stuff ought to be open. Subject to power to impound, which was properly applied here. That's essentially the issue. And on appeal here, the issue is what has to be shown. And even if the trial court subjected this to more rigorous First Amendment standard and still weighing the balance of the interests, concluded that these portions should remain sealed, then this court can still review that judgment, even under a more lenient non-First Amendment standard. And that's the state's argument with respect to that issue. With respect to this issue of the seal being indefinite, interveners equate this with being sealed forever. And now this comes up on interlocutory appeal, and that's not necessarily clear in intervener's brief. But that's the basis for review here. The order is interlocutory. It can be modified at any time by the judge. If there's a change in circumstances, then interveners can file another motion to vacate the seal. And the only question becomes is if this seal does, in fact, have to become more definite for some reason, then it would be incumbent on the defense or the state to file a motion to extend the seal. So that's really the only issue, is whose burden come into court to either extend it. Well, if it's indefinite, why would you move to extend it? If it has to be definite, that's my argument, is what they want is in their reply, they're requesting the reply brief ordering release. That's what they want. Well, if the only problem with the seal is that it's indefinite, and if for some reason they persuade this court that that's improper, well, then their remedy is not to get a more immediate release. Their remedy is to get it sent back for a more definite seal. And so that's the state's argument on that issue. And with respect to sealed findings, that puts courts into dilemmas if those have to be public, because they're required to explain their findings on the record. But if those have to be made public as well, then that defeats the whole purpose of sealing. So the authority of the state side is persuasive. And with respect to alternatives to sealing, where do you go to change the venue, what's suggested by interveners, and those are not effective against the primary interests here asserted in favor of sealing, which is the privacy of the minor and the defense's ability to investigate. The defense's ability to investigate, perhaps, which I'll let Mr. Maurer explain, is perhaps the strongest issue here is relegated to a mere footnote in the intervener's opening brief because they deem it to be non-constitutional in nature. But if this case were just merely under the Clerks of Courts Act, it doesn't matter whether that's just a non- if, in fact, that is a non-constitutional right of the defendant, it doesn't matter because that's still an important issue nonetheless. And that justifies the reasoning for impounding. And it doesn't have to rise to the level of this compelling interest in order to justify sealing. And with respect to the argument 180 days seal expired, under its own terms that initial order would have, but I also cite the order starting at page C70, and page C79 the trial court says, shall remain sealed. So this second order came up on the defense's motion to seal, which was filed after the initial seal was already in effect. So therefore, the trial court's actually granting the defendant's motion to seal. So it is entering a new seal, not just merely affirming the initial one, which would have expired on its own terms. So for that reason the case is not moved, but also we have an indefinite seal situation. And if necessary, instead of merely vacating the seal, this court might need to remand for clarification of that order if, in fact, the question exists on whether that seal remains in effect. So rather than just merely giving interveners access, a remand may be necessary for clarification. So for these reasons, the state claims that the statute and common law presumptions of access are not absolute, and this is properly impounded, and the First Amendment right has not been shown by the interveners to apply. So for those reasons, the state requests this court to affirm because they have not met their significant burden to show an abuse of discretion. Thank you, Your Honor. Thank you. Thank you. May it please the Court, My name is Matthew Maurer. I am one of Christopher Harris' attorneys. I'd like to initially address the press' argument about the 180-day rule that it remained in effect. It's our position that that rule was in fact superseded by the Court's subsequent order to the October 22nd order, October 23rd order of 09. Subsequent to that order, we had filed a petition to intervene and a motion to seal. Prior to that, the Court had heard evidence and there had been arguments, I should say, that caused the Court to seal and impose the 180-day time frame. Subsequent to that, we filed a petition to intervene and a motion to seal in December of 09. Upon that filing, the Court on its own set the matter for rehearing based on, as the Court said, additional matters set forth in our motion to seal. And then there was a hearing in January of 2010 and the Court's new order in March 24th, 2010. In the March 24th, 2010 order, the Court makes reference to the procedural history of the case and references the 180-day lease time frame that was originally imposed. That time frame, as I indicated, was prior to our motion, our hearing, and the Judge's new order. And it's our position that that was mentioned in the Judge's new order as a procedural history, which the Court had undertaken. When the Court entered its March 24th order, 2010, it set forth specific and detailed information about how the information in the affidavit, the return, and the inventory would specifically impair and prejudice the defense. These were not specifically brought out originally. These were new matters presented and considered by the Court in great detail and set forth in the order. Now, if the press's argument is to believe that that 180-day time frame remained in effect, then essentially, as of, I believe it's April 20, the order would expire granting access to that information April 21st. This is 27 days after Judge Harris's order came out, sealing the information and the records that were requested. The Judge's order specifically addresses the amount of discovery that's being received by the defense, and I think it references 2,000 or 3,000 pages that were actually just received by the defense the day of the January hearing, plus approximately 170-180 DVDs. The Court also notes extensive discovery is coming. That represented in the Judge's order, based on the statements from the state, about 25% of the expected discovery. So, a considerable amount of discovery was coming in. In fact, if the order were only in effect until April 20th, the defense would have had from basically 27 days to take in all the information and basically investigate. And that's separate from the Judge's ruling with respect to Tabitha, the minor. The Judge's order cannot be read to impose or at least to set a 27-day period with which the defense could complete their investigation. DNA had not even been received. As a matter of fact, it's still not received and pending. The discovery was incredibly and is incredibly voluminous. There's no way a discovery and an investigation can be done in 27 days. So, is this seal definite or indefinite? I think it's definite, but it does expire. When? Well, the information in the affidavit and the return of inventory, and to go back for a minute, on the return of inventory, in my experience, generally the return makes a reference to the inventory and then that's attached. The inventory then details the item discovered by whom, the location, and specifics. I would submit that these sealed documents and the need for their sealing would terminate and no longer be necessary upon one of a couple of events. One, if there's a trial. As Judge Pope has indicated, Justice Pope has indicated, in a trial based on, as can be read, the information contained in these documents, as specified by the judge, relate to evidence obtained and the victims, where they were located, how they're located, and specifics regarding that. In a murder trial, that evidence is going to be relevant. I want to know when. Well, and that's my point. In a trial, that information undoubtedly comes out. So, when the case goes to the jury, assuming that you prevail, Mr. Craven and Ms. Seitz are going to appear at the clerk's office and say, we want to look at that, and it's still going to be sealed. No clerk is going to open that yet. No. But, my point is, at that point, it becomes, the purpose of the seal is no longer in place. Clerk doesn't know that. Right. Your Honor is correct. In order drafted in such a fashion, we believe it's appropriate. Because that information is the information that's being relied upon, one, for protecting our client's rights, and also for Tabitha G. It's the same information. You're saying we don't get to speak for the minor? No, and I'm not. I'm just saying, at least based on what we can see, I mean, we're not asserting her interest that the judge did that. I'm just saying, when you asked about when would there no longer be a need for it, it would be when that evidence came out. Well, the point is, is that why should the burden be on the press to ask for it? Why isn't there something in the order that says, you're not going to come back, this side's not going to come back to court asking to extend it, because they've got it. Correct. So the other side says, we want it. And we have to jump through hoops in order to get that which may be presumptively open to begin with. Well, if it were, in fact, the case of the court felt there needed to be a specific time frame, not necessarily in days because I don't think it can be done in days, but events such as the trial occurs, then, in fact, that would be the appropriate time. And then the burden would be on the people to seek to extend it if there were some reason. That's correct. And then the court would have to consider those facts that it originally presented for the seal to be able to say, are they still in play, or now have they become issues and matters that are out there for the public? Well, is the answer to Justice Connick's inquiry, then, is that this is indefinite? The order doesn't say when it expires. So to that extent, it is. That sounds pretty indefinite. And that's my point. The time frame that can be identified to take care of any of these concerns can be established. The court's remedy here would not be to simply say, release them. It would be, as indicated by counsel, to remand to specify the time frame, to keep the order in effect as to the items sealed, but to give a time frame as to when, if any, if that's the trial court's position, as to when they could be released. Additionally, and I would like to point this out, and I think it addresses the press's issue about the allegation the court was mistaken about referencing discovery. I think it was page 9 of the court's opinion. I would submit what the court's referencing there is the amount of detail and specifics in this affidavit, which I do believe it's been their practice in the past not to release this information, but under the Court of Clerks Act, says it's to be assumed or presumed open to public. But in any event, the information provided is so detailed, so informative, that these things are not even matters that the state's journey or defense could even present to the public on their own. Meaning the Supreme Court rules of discovery, and I believe it's 3.6, would prohibit from either party from presenting this to the press. We couldn't do it on our own. But if this, if I could conclude briefly. You may. If this, if the press's requests were granted, and this was released,  because it's so detailed, so informative. And you could have a situation where an individual in my client's position, they're charged with a crime, the state could, and I'm not saying they did this, but the state could provide an incredibly detailed affidavit in return of inventory that gets released. And all that information comes out to the public. Well, they didn't have to personally disclose it, but it comes out. The defense can't stop it, other than a motion to seal. But if the court says, no, you can't seal it, they really get all that information out to the press and the public. The defense can do nothing about it. And yet, it avoids the whole purpose behind this discovery rule, or this disclosure rule, that bars attorneys from presenting it in any event. Thank you, counsel. Thank you. Yes, one moment. I had a question, Mr. Mower. Yes. When you started out in part of your argument, you said there were a number of events that could trigger the unsealing of these. One was a trial, when the trial was completed. And then I never, I think we distracted you, and you didn't get back to what other events might. I think the other event that could occur that would do it, is if there was some sort of plea of guilty. And there was never a trial. Well, our basis upon a plea would no longer be valid, because we wouldn't be concerned about an investigation or how it might prejudice him. Now, and I'm not arguing this point, but I think there would still have to be a consideration about the issue raised by the trial court, meaning the minor, and whether or not there's a separate basis from us that it should remain sealed. Well, and or the other defendants. Correct, correct. Because you represent one of them. Right. But our basis would then evaporate. And we would no longer be a part of it, because we wouldn't really have any legitimate interest in saying it's going to hinder our investigation or prejudice our client, because it's taken care of. Thank you. Thank you. Your Honors, only a specific time frame can meet the narrow tailoring test that's required by the common law and also by the First Amendment. And that's required by the policy of access that's reflected in the Court Support Act. And that specific time frame needs to be articulated in an order, and that needs to be done by the trial judge. It does not need to, it can't be done by anybody else. And to the extent that the trial judge relies on evidence, that evidence needs to be presented by the parties in favor of sealing, not by the parties who try to exercise their right to access judicial records. Mr. Maurer talked about the hundreds of pages of discovery in DVDs and DNA, but there's no evidence in the record that somehow relates that any of this media or evidence has any relevance to this particular search warrant. And that's what we're looking for. That's what needs to be the factual basis that has to be articulated by the trial judge in justifying the seal. As we mentioned and as you talked about, there's three independent rights to access judicial records. So even if you hold that the First Amendment does not apply, there's still the independent right to access judicial records under the Clerk Support Act. And we ask if you decide that one does not apply, that you hold it in our favor on the basis of the other, or at least explore the reach and the extent of the application of our case on the basis of that statute or common law. In Legrone, this Court reversed the closure of the hearing on a motion in Lemony because the trial court abused its discretion in failing to consider the procedures of voir dire and change of venue. The Legrone Court was very clear that it's essential for the trial court to consider alternatives and reasonable alternatives. And the U.S. Supreme Court recently said in this Presley v. Georgia case that a trial court issuing a seal has to consider all reasonable alternatives. Here, the only alternative that was mentioned by the court was redaction, and the trial court disposed of the possibility of redacting things here in two sentences, saying that there really wouldn't be a point, and that was the extent to which he even explored alternatives to sealing. And we submit that that is an independent basis for why the trial court abused its discretion here. Also, again, the 180 days are over, and Mr. Maurer has not been able to describe when, if ever, the seal is going to end. Indefinite seals are not narrow, and they're not tailored. Indefinite means unlimited. It's the exact opposite of being narrowly tailored. And also, there's a problem with the sealed findings in this case. The trial court sealed a portion of its finding, and maybe a large portion, because we don't know what it looks like or how large it is. We haven't had access to it. But sealed findings vitiate the public's ability to partake in the reasoning underlying the judicial disposition, and also prevents the legislature from acting as a check on the judicial system. The Seventh Circuit's jurisprudence we cite to this court in our briefs are very clear that the information which becomes the basis of a course decision enters the public record. And here, that was not done. It's very difficult for us to prosecute an appeal not knowing the basis of the order that we're appealing from. This is a judicial system of advocacy, and meaningful appeal review requires that the advocates have information in order to bring a good argument before the court. And we are struggling with doing that with sealed findings. And I think we still have a good case, but sealed findings definitely make it difficult. We therefore ask that this court decline to impose or to continue any seal on this file. No part of the order or the findings or any of the records relating to the search warrant should be sealed. There's absolutely no need to remand. And we therefore ask that you open the entire search warrant file today. Thank you, counsel. We'll take your advice.